# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALMERS A. SIMPSON, JR.,** | : | **Civil No. 1:19-CV-1756** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GOOD 2 GO and OMNI INS. CO.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

### I.     Statement of Facts and of the Case

This matter comes before the Court for screening review of a *pro se* civil action. The plaintiff, a resident of Dauphin County, Pennsylvania, has filed a lawsuit against insurance companies that he alleges are located in Lancaster County, Pennsylvania, alleging breach of an insurance contract and some unspecified civil rights violations. (Doc. 1.)  Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, we will conditionally GRANT this motion for leave to proceed *in forma pauperis* (Doc. 1) and direct that the lodged *pro se* complaint be deemed filed, but place Simpson on notice that the complaint as drafted fails to state a claim upon which relief can be granted in federal court, and order the plaintiff to file an amended complaint in

1

federal court on or before November 1, 2019, or dismiss this complaint without prejudice to the plaintiff filing this action in the appropriate Court of Common Pleas.

## II.  Discussion

### A.  Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in

Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In

Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's

entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations

which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action that falls within the jurisdiction of a federal court. Applying these standards, we find that the state law tort claims in this complaint are subject to summary dismissal.

**B.**  **In its Current Form, the Plaintiff's Complaint Fails to State a Claim Upon Which Relief Can be Granted in Federal Court.**

It is well-settled that federal courts are courts of limited jurisdiction. As a general rule, there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Turning first to Simpson's state law breach of insurance contract claims, the complaint does not allege any "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, giving rise to federal question jurisdiction. Instead, Simpson simply brings state law breach of contract claims in

federal court. However, the plaintiff may not assert federal jurisdiction over these state claims, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). In the instant case, this court's diversity jurisdiction simply does not provide a basis for exercising jurisdiction over this particular controversy since the complaint recites that the plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint reveals on its face that this lawsuit is not between citizens of different states, the plaintiff may not invoke diversity jurisdiction in this matter.

In light of this basic jurisdictional flaw in this complaint, we conclude that state breach of contract claims set forth in this pleading simply do not meet the requirements prescribed by law for a federal lawsuit, since "the facts alleged in the complaint are [not] sufficient to  show that the plaintiff has a 'plausible claim for relief,'" Fowler, 578 F.3d at 210-11, in federal court under this court's diversity jurisdiction.  Indeed, at present, the complaint does not even contain "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), since the complaint actually seems to demonstrate on its face that federal jurisdiction does not lie here.

In fact, this court has previously held that Pennsylvania resident plaintiffs may not maintain state law claims against Pennsylvania resident defendants in federal court. In dismissing and refusing to reinstate a similar lawsuit, this court noted in terms that are equally applicable here that:

> Plaintiff's Complaint indicates that both he and Defendant . . . are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because "complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state." Brett v. Brett, No. 12–3301, 2012 WL 5450879, at *1 (3d Cir. Nov. 8, 2012) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir.2010)).

Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, at *2 (M.D. Pa. Feb. 19, 2013). Consequently, we have consistently concluded that where a *pro se* complaint brings state law claims and reveals on its face that there is no diversity of citizenship, screening dismissal of that pleading in favor of state court litigation is entirely appropriate. See e.g., AMALIA KLINE, Plaintiff, v. JESSE KLINE JR., et al., Defendants, No. 4:18-CV-2095, 2018 WL 6005458, at *6 (M.D. Pa. Oct. 31, 2018), report and recommendation adopted sub nom. AMALIA CRINA CARJAN KLINE, Plaintiff, v. JESSE KLINE, JR., THERESA MARIE PAGE LISA WOJOCHOWSKI, & LINDA COLLINS MINTZER, Defendants., No. 4:18-CV-02095, 2018 WL 5994406 (M.D. Pa. Nov. 15, 2018); Baker v. Leitzel, No. 1:18-CV-1366, 2018 WL 3640419, at *3 (M.D. Pa. July 11, 2018), report and recommendation adopted, No. 1:18-CV-1366, 2018 WL 3631289 (M.D. Pa. July 31,

2018); Mendez v. Strohlein, No. 3:17-CV-1141, 2017 WL 3084104, at *3 (M.D. Pa. June 29, 2017), report and recommendation adopted, No. 3:17-CV-1141, 2017 WL 3084094 (M.D. Pa. July 19, 2017).

This conclusion that non-diverse parties may not maintain a state law claim in federal court applies here as well and would compel dismissal of any state law claim in this complaint. Yet, while these allegations do not state grounds for a lawsuit in federal court, this does not mean that Simpson has no legal remedies available to him. Simpson may bring these claims in state court. Those courts certainly stand ready to hear his state law claims.

Simpson's complaint also alleges, without further explanation, "civil rights violations under color of state and federal laws." (Doc. 1 at 1.) While we can appreciate why Mr. Simpson, as a layman, might attempt to assert that the private insurance companies he endeavors to sue were acting under color of state law, this term which is found in the primary federal civil rights statute,42 U.S.C. § 1983, is a term of art with a specific and specifically defined meaning. As we have explained, Section 1983:

> "[I]mposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 146 (3d Cir. 2005). Section 1983 "does not create any new substantive rights but instead provides a remedy for the violation of a federal constitutional or statutory right." Id. In order to establish a claim under § 1983, therefore, a plaintiff must establish both a deprivation of a federally protected right

and that this deprivation was committed by one acting under color of state law. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir.2005).

Banks v. Macon, No. 1:13-CV-01695, 2013 WL 3863950, at *4 (M.D. Pa. July 23, 2013). Accordingly:

> It is axiomatic that 42 U.S.C. § 1983 provides for a cause of action against persons acting "under color of state law." Thus, in order for a defendant to be liable under § 1983, [t]he [defendant]must "have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (quoting United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941)).

Id. at *5.

Applying these legal benchmarks, the United States Supreme Court has held that private insurers are not deemed state actors or considered to be acting under color of state law, for purposes of this federal civil statute. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 43, 119 S. Ct. 977, 982, 143 L. Ed. 2d 130 (1999). In light of this longstanding holding by the Supreme Court, Mr. Simpson's federal civil rights claims against these insurance companies also appear to fail as a matter of law.

While we have found that Mr. Simpson's complaint does not allege claims over which this court has jurisdiction, we recognize that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d

247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004). As we have previously noted, Mr. Simpson may also bring these state law breach of contract claims in state court. Accordingly, we are putting the plaintiff on notice that his complaint is subject to dismissal, but we will afford him an opportunity to either attempt to amend his complaint to state a federal claim within the jurisdiction of this court or file this action in the appropriate court, the state Court of Common Pleas.

An appropriate order follows.

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALMERS A. SIMPSON, JR.,** | : | **Civil No. 1:19-CV-1756** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **GOOD 2 GO and OMNI INS. CO.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

Accordingly, for the reasons set forth in the accompanying Memorandum, we will conditionally GRANT the plaintiff's motion for leave to proceed *in forma pauperis*, (Doc. 2), but the plaintiff is placed on notice that this complaint may be subject to summary dismissal, and IT IS ORDERED that on or before **November 1, 2019**, the plaintiff shall either attempt to amend his complaint to state a federal claim within the jurisdiction of this court or withdraw this federal complaint and file this action in the appropriate court, the state Court of Common Pleas.

So ordered this 9th day of October 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge