# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHALMERS A. SIMPSON, JR.,** | : | **Civil No. 1:19-CV-1756** |
| **Plaintiff** | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **GOOD 2 GO and OMNI INS. CO.,** | : | |
| **Defendants** | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter previously came before the Court for screening review of a *pro se* civil action. The plaintiff, a resident of Dauphin County, Pennsylvania, filed this lawsuit against insurance companies that he alleges are located in Lancaster County, Pennsylvania, alleging breach of an insurance contract and some unspecified civil rights violations. (Doc. 1.) Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)

On October 9, 2019, we conditionally granted this motion for leave to proceed *in forma pauperis* and directed that the lodged *pro se* complaint be deemed filed but placed Mr. Simpson on notice that the complaint as drafted failed to state a claim upon which relief can be granted in federal court. (Doc. 5). As we explained, it is well-settled that federal courts are courts of limited jurisdiction. As a general rule,

1

there are two primary grounds for federal district court jurisdiction over a civil lawsuit. First, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1) citizens of different States." 28 U.S.C. § 1332(a)(1). This ground of federal jurisdiction is known as diversity jurisdiction. The second principal ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction. Under this ground of jurisdiction, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

Turning first to Mr. Simpson's state law breach of insurance contract claims, as to these claims the complaint did not allege any "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. §1331, giving rise to federal question jurisdiction. Instead, Simpson simply brought state law breach of contract claims in federal court. However, the plaintiff may not assert federal jurisdiction over these state claims, since we can only exercise federal jurisdiction over such state law claims in "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between– (1) *citizens of different States*." 28 U.S.C. § 1332(a)(1) (emphasis added). In the instant case, this court's diversity jurisdiction simply did not provide a basis for exercising jurisdiction over this particular controversy since the complaint recited that the

plaintiff and the defendants are all citizens and residents of Pennsylvania. Given that the complaint revealed on its face that this lawsuit is not between citizens of different states, the plaintiff simply could not invoke diversity jurisdiction in this matter. In fact, this court has previously held that Pennsylvania resident plaintiffs like Mr. Simpson may not maintain state law claims against Pennsylvania resident defendants in federal court. In dismissing and refusing to reinstate a similar lawsuit, this court noted in terms that are equally applicable here that: "Plaintiff's Complaint indicates that both he and Defendant . . . are located and domiciled in Pennsylvania. Thus, there is not diversity jurisdiction over this action because 'complete diversity is lacking when the plaintiff is a citizen of one state and a defendant is a citizen of that same state.' Brett v. Brett, No. 12–3301, 2012 WL 5450879, at *1 (3d Cir. Nov.8, 2012) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir.2010))" Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, at *2 (M.D. Pa. Feb. 19, 2013). Consequently, we have consistently concluded that where a *pro se* complaint brings state law claims and reveals on its face that there is no diversity of citizenship, screening dismissal of that pleading in favor of state court litigation is entirely appropriate. See e.g., Baker v. Leitzel, No. 1:18-CV-1366, 2018 WL 3640419, at *3 (M.D. Pa. July 11, 2018), report and recommendation adopted, No. 1:18-CV-1366, 2018 WL 3631289 (M.D. Pa. July 31, 2018); Mendez v. Strohlein, No. 3:17-CV-1141, 2017 WL 3084104, at *3 (M.D. Pa. June 29, 2017),

report and recommendation adopted, No. 3:17-CV-1141, 2017 WL 3084094 (M.D. Pa. July 19, 2017).

Having reached these conclusions, we placed Mr. Simpson on notice that this complaint was subject to summary dismissal, and ordered that on or before **November 1, 2019**, the plaintiff should either attempt to amend his complaint to state a federal claim within the jurisdiction of this court or withdraw this federal complaint and file this action in the appropriate court, the state Court of Common Pleas.

Mr. Simpson responded to this order by filing a motion which requested that we transfer his federal lawsuit to the Court of Common Pleas. (Doc. 6). Unfortunately, we cannot grant this request because it has been held that where there was no diversity jurisdiction and no federal subject-matter jurisdiction over a case filed in federal court, the federal district court should dismiss the case, rather than order case transferred to state court. McLaughlin v. Arco Polymers, Inc., 721 F.2d 426 (3d Cir. 1983). In short, in this unusual setting, Mr. Simpson's remedy is to voluntarily dismiss this federal case, or have the federal case dismissed by this court, without prejudice to Mr. Simpson separately filing an action in state court. Accordingly, we must DENY this motion to transfer (Doc. 6). Instead, Mr. Simpson is advised that on or before **January 6, 2020**, the plaintiff should: (1) make arrangements to file this action in the Court of Common Pleas if he wishes to pursue this case; and (2) notify

this court whether he will be voluntarily withdrawing this case in federal court in favor of pursuing these state law claims in state court.

So ordered this 13th day of December 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
